J-S68028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: R.G., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: R.G., A MINOR | No. 91 EDA 2014 |

Appeal from the Dispositional Order November 19, 2013
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No(s): CP-51-JV-0003855-2013

BEFORE:  ALLEN, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                **FILED DECEMBER 23, 2014**

Appellant R.G., a minor ("Appellant"), appeals from the dispositional order of the Philadelphia County Court of Common Pleas, Juvenile Division, based on the offenses of theft by unlawful taking[1] and conspiracy.[2]  After careful review, we affirm.

The trial court summarized the facts underlying this dispositional order as follows:

> In the matter *sub judice*, B.R., eighteen years of age along with a school mate during lunch period at the Overbrook High School were standing in the hallway when they were approached by [Appellant] and R.H.[]  R.H. stood in front of the [victim] and [Appellant] stood to his side while R.H. demanded that the complainant "run his pockets."  The [victim] knew this to mean for him to empty his pockets.  The [victim] responded that he only had a cell phone and showed it to R.H.[]  R.H. and the

---

[1] 18 Pa.C.S. § 3921.

[2] 18 Pa.C.S. § 903.

[victim] struggled with the cell phone until R.H. was successful in snatching it from the [victim's] hand. Both [Appellant] and R.H. ran away down the hallway together and out of sight into the crowd. The [victim] immediately informed the school police and R.H. and [Appellant] were apprehended and subsequently arrested.

Trial Court Pa.R.A.P. 1925(a) Opinion, 4/16/2014 ("1925(a) Opinion"), pp. 2-3. Appellant appeared before the trial court for an adjudicatory hearing on November 12, 2013. On November 19, 2013, the trial court adjudicated Appellant delinquent as to theft by unlawful taking and conspiracy. Appellant filed a timely notice of appeal on December 19, 2013. Appellant filed a timely Pa.R.A.P. 1925(b) statement of errors complained of on appeal on January 7, 2014, and a supplemental 1925(b) statement on April 14, 2014.[3] The trial court filed its 1925(a) Opinion on April 16, 2014.

Appellant raises the following issue for our review:

Was not the evidence insufficient to support the adjudication of guilt as to conspiracy and theft where [A]ppellant was merely present with R.H., who alone demanded goods from the complainant and took the [victim's] cell phone?

Appellant's Brief, p. 3.

_____

[3] On April 24, 2014, the trial court filed an order accepting R.G.'s supplemental 1925(b) statement as timely filed. The supplemental 1925(b) statement stated the sole issue raised as follows:

The evidence was insufficient to convict [A]ppellant of theft and conspiracy.

Appellant's Statement of Errors Complained of On Appeal, 4/14/2014, p. 2 (pagination supplied).

Appellant's issue raises sufficiency of the evidence claims regarding the delinquency adjudication for theft and conspiracy. He claims he was a mere bystander, and that the other youth, R.H., was the lone perpetrator. *See* Appellant's Brief, pp. 7-10. We disagree.

When examining challenges to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super.2011), *appeal denied*, 32 A.3d 1275 (Pa.2011).

The Crimes Code defines theft by unlawful taking, in relevant part, as follows:

**§ 3921.  Theft by unlawful taking or disposition**

**(a) Movable property.–**A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

18 Pa.C.S. § 3921(a).

"The material elements of conspiracy are: "(1) an intent to commit or aid in an unlawful act, (2) an agreement with a co-conspirator and (3) an overt act in furtherance of the conspiracy." **Commonwealth v. Gross**, 101 A.3d 28, 34 (Pa.2014); 18 Pa.C.S. § 903.  "An 'overt act' means an act done in furtherance of the object of the conspiracy." **Id.**  "The conduct of the parties and the circumstances surrounding such conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt." **Commonwealth v. Bricker**, 882 A.2d 1008, 1017 (Pa.Super.2005).

A conspiratorial agreement may be inferred from "a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode.  These factors may coalesce to establish a conspiratorial agreement beyond a reasonable doubt where one factor alone might fail." **Bricker**, 882 A.2d at 1017.  This Court has explained the agreement element of conspiracy as follows:

> The essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished.  Therefore, a conviction for conspiracy requires proof of the existence of a shared criminal intent.  An explicit or formal agreement to

commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt. Even if the conspirator did not act as a principal in committing the underlying crime, he is still criminally liable for the actions of his co-conspirators in furtherance of the conspiracy.

*Commonwealth v. McCall*, 911 A.2d 992, 996-97 (Pa.Super.2006).

The "overt act [necessary to establish criminal conspiracy] need not be committed by the defendant; it need only be committed by a co-conspirator." *McCall*, 911 A.2d at 996. Further, "[e]ach co-conspirator is liable for the actions of the others if those actions were in furtherance of the common criminal design." *Commonwealth v. King*, 990 A.2d 1172, 1178 (Pa.Super.2010) (*citing* *Commonwealth v. Baskerville*, 681 A.2d 195, 201 (Pa.Super.1996)).

Here, the evidence presented established the elements of theft by unlawful taking and criminal conspiracy beyond a reasonable doubt. The evidence established that Appellant and R.H. approached the victim together, R.H. forcibly took the victim's cell phone while Appellant looked on, and the two fled the scene together. All these facts demonstrated Appellant's conscious object and desire to commit the theft. That Appellant did not personally take the cell phone is of no moment. The actions of both co-conspirators illustrated the shared intent and agreement to rob the

victim. Accordingly, Appellant is as culpable for the theft as is the actual perpetrator. *See King*, *supra*; 18 Pa.C.S. § 306.

Viewed in the light most favorable to the Commonwealth as verdict winner, we agree with the trial court that:

> The conduct and circumstances surrounding their conduct create "a web of evidence" linking R.G. to the alleged conspiracy beyond a reasonable doubt when viewed in conjunction with each other and in the context in which they occurred. [Appellant] was not an "innocent bystander[,]" but rather, he was an active participant.

1925(a) Opinion, p. 3 (internal citations omitted). Accordingly, we affirm the trial court's dispositional order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2014

- 6 -