J-S75006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RINGO RODRIGUEZ | |
| Appellant | No. 2710 EDA 2013 |

Appeal from the Judgment of Sentence August 20, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003582-2013

BEFORE:  ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.: **FILED DECEMBER 31, 2014**

Appellant, Ringo Rodriguez, appeals from the August 20, 2013 judgment of sentence of one and one-half to five years' imprisonment imposed following a bench trial where he was found guilty of criminal conspiracy to commit possession with intent to deliver a controlled substance.[1]  After careful review, we affirm.

The certified record reveals the following relevant factual and procedural history of this case.  On August 1, 2012, at approximately 11:30 p.m., Officer Mario DeLaurentiis was conducting a narcotics surveillance. N.T., 8/20/13, at 9.  Appellant yelled, "yo, yo," and Officer DeLaurentiis

_____

[1] 18 Pa.C.S.A. § 903(c).

observed one of Appellant's co-defendants[2] (Moreno) stand up "from the lot." *Id.* at 10. At that time, Officer DeLaurentiis observed another of Appellant's co-defendants (Augustine) approach Appellant and engage in conversation. *Id.* Appellant motioned with his hands toward the lot, he and Augustine walked into the lot where Moreno was positioned, and all three engaged in conversation. *Id.* at 9, 14-15. Officer DeLaurentiis observed Augustine conversing with Moreno. *Id.* at 10-11. Appellant remained standing next to Augustine, and Augustine handed U.S. currency to Moreno in exchange for an item that Moreno retrieved from the base of a fence. *Id.* After Augustine left the area, police recovered from him a clear packet with a blue star sticker, containing cocaine.[3] *Id.* at 11. Appellant and Moreno continued to stand together when another co-defendant (Ortiz) approached both of them. *Id.* Officer DeLaurentiis again observed Moreno exchange small items taken from the base of the fence for U.S. currency provided by Ortiz. *Id.* at 11-12. Shortly after this observation, police arrived on location and recovered a plastic bag with a silver star sticker, containing cocaine, from Ortiz. *Id.* at 12. Appellant, Moreno, Augustine, and Ortiz were arrested. *Id.* Police then searched the lot where Officer DeLaurentiis

---

[2] Officer DeLaurentiis referred to Moreno, Augustine, and Ortiz as Appellant's "co-defendants" during his testimony. The certified record discloses Appellant was tried alone.

[3] There was a stipulation at trial that the substances analyzed tested positive for the presence of cocaine. N.T., 8/20/13, at 16.

observed Appellant, Moreno, Augustine, and Ortiz conversing and exchanging U.S. currency for small items. *Id.* at 13. Police retrieved a container from the base of the fence containing nine clear bags of cocaine. *Id.* The nine bags were the same size and packaged in the same manner as the bags that were recovered from Augustine and Ortiz and were stamped with star stickers of various colors. *Id.* at 13-14.

On March 27, 2013, the Commonwealth filed an information charging Appellant with the aforementioned offense as well as possession with intent to manufacture or deliver a controlled substance (PWID) and intentional possession of a controlled substance.[4] Criminal Information, 3/27/13. A bench trial was held on August 20, 2013. At the conclusion of the bench trial, Appellant was found guilty of criminal conspiracy to commit PWID and acquitted of all other charges.

Appellant timely filed his notice of appeal on September 19, 2013. On September 25, 2013, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), within 30 days. On October 23, 2013, Appellant filed a "Statement of Matters Complained of on Appeal and Request for Extension of Time to File a Supplemental Statement of Errors Upon Receipt of All Notes of Testimony." Appellant's Rule 1925(b)

---

[4] 35 P.S. §§ 780-113(a)(30) and 780-113(a)(16), respectively.

Statement, 10/23/13, at 1. In addition to requesting additional time to file a supplemental Rule 1925(b) Statement, Appellant raised the following issue.

> The evidence was insufficient to convict of criminal conspiracy with the seller of the controlled substances.

*Id.* at 3, ¶ 3. In his request for an extension of time, counsel acknowledged that filing a Rule 1925(b) statement without a full understanding of the trial procedures posed a risk to preserving issues for appellate review.

> Without Notes of Testimony, or a consultation with appellant, counsel might venture a guess at what additional issues may be raised on appeal, but to do so would risk a claim that counsel waived issues not raised or failed to file a **sufficiently specific** Statement. Accordingly, … [appellate counsel] can not now file a comprehensive and complete Statement of Errors Complained Of On Appeal.

*Id.* at 2-3, ¶ 6. (emphasis added).

Thereafter, on November 21, 2013, the trial court granted Appellant's request for an extension of time to file a concise statement of matters complained of on appeal. Trial Court Order, 11/21/13, at 1. Specifically, the trial court ordered Appellant to "file a 1925(b) Statement of record no later than thirty (30) days from the entry of this [o]rder[.]" *Id.* In the event Appellant was unable to obtain the notes of testimony, the trial court ordered Appellant "to file and serve a statement that the said notes are irretrievable [] … within thirty (30) days." *Id.* The order also explicitly advised Appellant, "any issue not properly included in the Statement timely filed and served pursuant [to] the said Rule shall be deemed waived." *Id.*

(italics removed). Appellant did not file a supplemental statement or any response to the trial court's November 21, 2013 order. On March 18, 2014, the trial court filed its Rule 1925(a) opinion.

On appeal, Appellant raises the following issue for our review.

> [I.] Was not the evidence insufficient for conviction of conspiracy to possess a controlled substance with intent to deliver where, in the only transaction in which [A]ppellant participated, he acted as the buyer's agent, not the seller's agent?

Appellant's Brief at 2.

Our standard of review on challenges to the sufficiency of evidence is well established.

> There is sufficient evidence to sustain a conviction when the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to enable the fact[]finder to conclude the Commonwealth established all of the elements of the offense beyond a reasonable doubt.

*Commonwealth v. Morales*, 91 A.3d 80, 87 (Pa. 2014) (citation omitted). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, 95 A.3d 277

(Pa. 2014). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence." *Id.* (citation omitted). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Diamond**, 83 A.3d 119, 126 (Pa. 2013) (citation omitted), *cert. denied,* **Diamond v. Pennsylvania**, 135 S. Ct. 145 (2014).

However, before we may review Appellant's issue, we must first address the trial court's and the Commonwealth's contention that Appellant has waived his issue for failure to comply with Rule 1925(b). Commonwealth's Brief at 6-7; Trial Court Opinion, 3/18/14, at 1-2. Rule 1925(b) provides in pertinent part as follows.

> (4) *Requirements; waiver.*
>
> (i) The Statement shall set forth only those rulings or errors that the appellant intends to challenge.
>
> (ii) The Statement shall concisely identify each ruling or error that the appellant intends to challenge **with sufficient detail to identify all pertinent issues for the judge**. The judge shall not require the citation to authorities; however, appellant may choose to include pertinent authorities in the Statement.
>
> …
>
> (vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived

Pa.R.A.P. 1925(b)(4)(i)-(ii), (vii) (emphasis added).

- 6 -

"[A] Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." **Commonwealth v. Heggins**, 809 A.2d 908, 911 (Pa. Super. 2002) (citation omitted), *appeal denied*, 841 A.2d 430 (Pa. 2003). "An overly vague or broad Rule 1925 statement may result in waiver. The Rule 1925(b) statement must be detailed enough so that the judge can write a Rule 1925(a) opinion…." **Majorski v. Douglas**, 58 A.2d 1250, 1258 (Pa. Super. 2012), *appeal denied*, 70 A.2d 811 (Pa. 2013), *cert. denied*, 134 S.Ct. 910 (U.S. 2014). (citation, quotation marks, and parenthetical omitted). "[T]he courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte."* **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011).

Moreover, relevant to Appellant's issue, we have concluded "that when challenging the sufficiency of the evidence on appeal, the [a]ppellant's 1925 statement must 'specify the element or elements upon which the evidence was insufficient' in order to preserve the issue for appeal." **Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009) (citations omitted), *appeal denied*, 3 A.3d 670 (Pa. 2010); **see also Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013) (finding that "a generic statement stating

'[t]he evidence was legally insufficient to support the convictions,'" was inadequate to preserve the issue on appeal) *citing* **Gibbs**, **supra**.

As noted, Appellant's initial 1925(b) statement merely averred, "[t]he evidence was insufficient to convict of criminal conspiracy with the seller of the controlled substances." Appellant's Rule 1925(b) Statement, 10/23/13, at 3, ¶ 3. This bald and vague assertion fails to identify which specific element or elements the evidence was insufficient to prove. **See Gibbs**, **supra**. While we recognize Appellant filed this statement on October 23, 2013, without the benefit of the trial transcripts, Appellant was given until December 23, 2013 to file a new, sufficiently detailed statement. **See** Trial Court Order, 11/21/13, at 1.[5] Appellant failed to file a new Rule 1925(b) statement as explicitly ordered by the trial court, despite acknowledging that Appellant was unable to file a complete and comprehensive statement on October 23, 2013.[6] **See** Appellant's Rule 1925(b) Statement, 10/23/13, at 2-3, ¶ 6.

---

[5] We observe the 30th day fell on Saturday, December 21, 2013. When computing the 30-day filing period "if the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Therefore, Appellant was required to file his Rule 1925(b) on or before Monday, December 23, 2013.

[6] Appellant acknowledges this failure in his brief. "No Supplemental Statement was necessary after review of the transcript." Appellant's Brief at 4, n.1.

Significantly, in its Rule 1925(a) opinion, the trial court addressed Appellant's failure to comply with its order. "Thus, the court is left without any indication as to what errors [Appellant] believes occurred, or[] … how or why the evidence may be insufficient. Therefore, all issues that [Appellant] could have raised should be deemed waived and the judgment of sentence should be affirmed." Trial Court Opinion, 3/18/14, at 1-2.

Based on the foregoing authority, because Appellant failed to provide a sufficiently detailed Rule 1925(b) statement from which the trial court could identify the pertinent issues related to Appellant's claim of error, we are constrained to conclude Appellant has waived his sole issue on appeal.[7] **See**

_____

[7] We observe that even if Appellant had preserved this issue for our review, it is without merit. In order to sustain a conviction for criminal conspiracy, the Commonwealth must prove "that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy." **Commonwealth v. McCall**, 911 A.2d 992, 998 (Pa. Super 2006) (citation omitted). "The conduct of the parties and circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt." **Id.** (citation omitted). Further, "[t]he Commonwealth does not have to prove that there was an express agreement to perform the criminal act; rather, a shared understanding that the crime would be committed is sufficient." **Commonwealth v. Nypaver**, 69 A.3d 708, 715 (Pa. Super. 2013) (citation omitted). In this case, viewing the evidence in the light most favorable to the Commonwealth, it was reasonable for the fact finder to infer that Appellant had a shared understanding to commit PWID. **See Nypayer**, **supra**; **Morales, supra**. The conduct of Appellant, under the circumstances, which included Appellant calling out to Moreno, walking toward him with Augustine, remaining present while cocaine was exchanged for money, and remaining present during a subsequent cocaine transaction, created a web of evidence that was sufficient to link Appellant to a criminal
*(Footnote Continued Next Page)*

***Heggins***, ***supra***; ***Majorski***, ***supra***; ***see also*** Pa.R.A.P. 1925(b)(4)(ii), (vii).

Accordingly, the August 20, 2013 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2014

---

*(Footnote Continued)* ————————————

conspiracy beyond a reasonable doubt. ***See McCall, supra***. Accordingly, there was sufficient evidence to convict Appellant of criminal conspiracy to commit PWID.