J-S13003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM THOMAS MILLENDER, | |
| Appellant | No. 1686 WDA 2013 |

Appeal from the Judgment of Sentence September 4, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0013237-2011
CP-02-CR-0015480-2011

BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED APRIL 06, 2015**

Appellant, William Thomas Millender, appeals from the judgment of sentence of an aggregate term of 3½ to 7 years' imprisonment, imposed after he was convicted of various counts of robbery, conspiracy, receiving stolen property and recklessly endangering another person.[1]  Appellant challenges the sufficiency of the evidence to sustain his convictions and alleges the verdict is against the weight of the evidence.  We affirm.

---

[1] Appellant was found guilty at CC Number 201115480 of one count each of robbery (18 Pa.C.S. § 3701(a)(1)(i)), conspiracy (18 Pa.C.S. § 903(c)), receiving stolen property (18 Pa.C.S. § 3925(a)), and recklessly endangering another person (18 Pa.C.S. § 2705). Furthermore, Appellant was found guilty at CC Number 201113237 of one count of robbery (18 Pa.C.S. § 3701(a)(1)(i)) and one count of conspiracy (18 Pa.C.S. § 903(c)).  CC Nos. 201115480 and 201113237 were joined by the trial court for trial.

Appellant's convictions stemmed from two robberies that occurred within approximately 7 hours of each other, involving the same co-conspirators. Following a non-jury trial, Appellant was sentenced to the above-stated term on September 4, 2013. He filed a timely notice of appeal, followed by a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[2] Herein, Appellant presents two issues for our review, which we summarize as follows: (1) Was the evidence sufficient to support the conviction at CC Number 201113237, where the evidence failed to establish that Appellant entered into any agreement to commit robbery, or that he committed an overt act in furtherance of a conspiracy, but only that he was present at the scene and allegedly acquainted with the perpetrator; and (2) Did the trial court abuse its discretion when it denied Appellant's post-sentence motion, challenging the weight of the evidence, as

_____

[2] The court entered an order on October 28, 2013, directing a statement of matters complained of on appeal to be filed within 21 days pursuant to Rule 1925(b). Appellant's Rule 1925(b) statement was filed on November 20, 2013, which appears on its face to be untimely. However, the trial court does not acknowledge the untimeliness of the Rule 1925(b) statement. Rather, the trial court treats the Rule 1925(b) statement as timely and addresses the merits of the issues raised by Appellant in its Rule 1925(a) opinion. We will, therefore, overlook the untimeliness of the Rule 1925(b) statement and address the merits of the issues presented on appeal. **See Commonwealth v. Thompson**, 39 A.3d 335, 340 (Pa. Super. 2012) ("When counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues we need not remand and may address the merits of the issues presented.").

the identifications of Appellant were so unreliable that they should not have been afforded any weight?  *See* Appellant's Brief, at 6.

To begin, we note our standard of review of a challenge to the sufficiency of the evidence:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense.  *Commonwealth v. Moreno*, 14 A.3d 133 (Pa. Super. 2011)  Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder.  *Commonwealth v. Hartzell*, 988 A.2d 141 (Pa.Super. 2009).  The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.  *Moreno, supra* at 136.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011).

Appellant challenges the sufficiency of evidence to support his conviction of robbery under 18 Pa.C.S. § 3701(a)(1)(v), which states:  "A person is guilty of robbery if, in the course of committing a theft, he physically takes or removes property from the person of another by force however slight."  Additionally, Appellant challenges the sufficiency of the evidence to sustain his conviction of conspiracy to commit robbery.  A conviction of criminal conspiracy requires proof "that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent[,] and (3) an overt act was done in furtherance of the conspiracy."  *Commonwealth v. McCall*, 911 A.2d 992, 996 (Pa. Super. 2006) (citing *Commonwealth v. Hennigan*,

753 A.2d 245, 253 (Pa. Super. 2000)). "This overt act need not be committed by the defendant; it need only be committed by a co-conspirator." *Id.* (quoting *Commonwealth v. Hennigan*, 753 A.2d at 253.)

Before addressing whether the elements of the above-stated crimes have been met, we review the facts of the incidents which led to Appellant's convictions, as set forth by the trial court in the following portion of its Rule 1925(a) opinion:

At trial, Mr. Landon Thomas testified that he was on the way home from work when he was confronted by three men near the Wilkinsburg bus way. One of the men pulled a gun and demanded his phone. All three men pulled Mr. Thomas to the side of a building, checked his wallet, and took change and his transit, along with his cell phone. Mr. Thomas said he was scared, as it was the first time ever that a gun was pulled on him. Mr. Thomas also testified that his Oakland raiders hat was taken, which he was wearing at the time…. The man with the gun took it off [Mr. Thomas'] head and gave it to his accomplice. The gunman put the gun in Mr. Thomas' face and told him to "get up the street before I shoot you in the face" as the three men went toward the bus way. Mr. Thomas recognized the phone depicted in a photo, Exhibit 9, as being the one taken from him that night.

In photo Exhibit 7, Mr. [Thomas] identified the man who was wearing his Raiders hat, who helped go through the process of checking the victim's pockets and ba[g]. Mr. [Thomas] walked home after the robbery and called police, who responded and took him to the crime scene, and later to the police station. [Appellant] was identified as being the person who "assisted the guy with the firearm[,"] and who was wearing the victim's hat.

The Commonwealth next called Norman Beasley, [a minister]… who testified that at approximately 4:00 a.m. on September 30, 2011, he was in the area of East Liberty Circle and Penn Avenue. He observed three young men cross the

- 4 -

street toward him, and he in turn, decided to cross the street to get away from the[m]. Mr. Beasley was punched from behind in a dark area of the street by a young man who then took [Mr.] Beasley's cell phone, which had fallen to the ground. Mr. Beasley asked for his phone back, and then observed two (2) other men standing near the entrance to a nearby Target store, one of [whom] was [Appellant]. The man who took the phone then ran toward [Appellant] and the other man at the Target store and all three (3) took off together. Mr. Beasley flagged down a passing police car and the officer placed him in his car after [Mr.] Beasley related what happened earlier. The officer drove toward a Giant Eagle grocery store where three (3) individuals were confronted and apprehended. Mr. Beasley confirmed that the three (3) men, one of whom was [Appellant], were the same individuals who took his phone and ran from him. Several hours later, Mr. Beasley's phone was recovered from underneath a car parked in a lot approximately fifty yards from the Giant Eagle store where [Appellant] was apprehended earlier that morning.

Trial Court Opinion (TCO), 10/20/14, at 3-5 (citations to the record omitted).

The trial court also details the following evidence and stipulations made by Appellant at trial that it considered in reaching its verdict:

At trial, the [c]ourt considered as evidence a video of the East Bus Way Station in Wilkinsburg, identifying [Appellant], William Millender, and two other individuals, Steven Wallace and Roderick Cook getting on a westbound bus on September 29, 2011 between 9:08 p.m. and 9:22 p.m. [Appellant's] counsel stipulated to the identity of [Appellant]. Another stipulation was reached that [Appellant] appeared in photos introduced as Commonwealth exhibits 2 through 8. Another stipulation was reached that City of Pittsburgh Police Officer Dominic Nino recovered a pink Blackberry from the person of Steven Wallace at approximately 4:30 a.m. on September 30, 2011 near Penn Avenue in the Shadyside-East Liberty neighborhood.

TCO, at 3 (citations to the record omitted).

On appeal, Appellant solely challenges the sufficiency of the evidence to sustain his conspiracy conviction related to the robbery of Mr. Beasley. Specifically, he avers that the Commonwealth failed to prove that "[he] entered into an agreement to take [Mr.] Beasley's cell phone, or commit an overt act in furtherance of a conspiracy." Appellant's Brief, at 16. Appellant further contends that he was merely present at the scene, and that mere presence at the scene of a crime is insufficient to establish conspiracy. **Id.**

"The Commonwealth is not required to establish the existence of a conspiracy by direct proof of an explicit or formal agreement." **Commonwealth v. Roux**, 350 A.2d 867, 870 (Pa. 1976). "[W]hile more than mere association must be shown, '[a] conspiracy may be inferentially established by showing the relation, conduct or circumstances of the parties, and the overt acts on the part of co-conspirators have uniformly been held competent to prove that a corrupt confederation has in fact been formed....'" **Id.** (quoting **Commonwealth v. Horvath**, 144 A.2d 489, 492 (Pa. Super. 1958)). Furthermore:

> mere presence at the scene of a crime and knowledge of the commission of criminal acts is not sufficient [to establish a conspiracy]. Nor is flight from the scene of a crime, without more, enough. However, such factors, combined with other direct or circumstantial evidence, may provide sufficient evidence sustaining [a conspiracy conviction].

**In re V.C.**, 66 A.3d 341, 349-350 (Pa. Super. 2013) (citing **Commonwealth v. Knox**, 50 A.3d 749, 756 (Pa. Super. 2012)).

In the case at bar, we conclude that the totality of the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to sustain Appellant's convictions for robbery and conspiracy to commit robbery. Although Appellant asserts that he was not an active participant in the crime against Mr. Beasley, and that he was merely standing across the street during the incident, Appellant *did* actively participate in the robbery of Mr. Thomas. Appellant was identified as the man who searched through Mr. Thomas' pockets and bag. TCO, at 4. Appellant stipulated to his identity in a bus station surveillance video near the scene of the robbery against Mr. Thomas just minutes after the robbery took place. *Id.* at 3. In the video, he was wearing the hat stolen from Mr. Thomas. Appellant was present at the bus station with his co-conspirators, Mr. Wallace and Mr. Cook, and Appellant remained with his co-conspirators hours later at the scene of the robbery against Mr. Beasley. *Id.* at 3, 4. We especially emphasize the fact that Mr. Beasley testified that after he was robbed by Appellant's cohort, Appellant fled the crime scene with Mr. Wallace and Mr. Cook. *Id.* at 4. Additionally, when police apprehended Appellant and his co-conspirators shortly after the Beasley robbery, Appellant was still wearing the Raiders hat which had been taken from Mr. Thomas during the prior incident. *Id.* at 4, 5.

Taken as a whole, this evidence was sufficient to support the trial court's finding that Appellant entered into an agreement with Mr. Wallace and Mr. Cook, that Appellant shared the criminal intent to rob Mr. Beasley, and that an overt act was committed in furtherance of the conspiracy.

Therefore, the trial court reasonably found that the elements of conspiracy were met.

Moreover, once it has been found that an agreement was entered into and that "the defendant intentionally entered into the agreement, that defendant may be liable for the overt acts committed in furtherance of the conspiracy regardless of which co-conspirator committed the act." **Commonwealth v. Murphy**, 844 A.2d 1228, 1238 (Pa. 2004) (citation omitted). **See also Commonwealth v. Figueroa**, 859 A.2d 793, 798-799 (Pa. Super. 2004) (citations omitted) ("Even if a defendant did not act as a principal in committing the underlying crime, . . . he is still criminally liable for the actions of the co-conspirator taken in furtherance of the conspiracy."). Consequently, Mr. Beasley's testimony that Appellant's co-conspirator took his cell phone after punching Mr. Beasley from behind supports Appellant's conviction for robbery.

Appellant next challenges the weight of the evidence to support his convictions.

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted

- 8 -

where the facts and inferences of record disclose a palpable abuse of discretion.

***Commonwealth v. Houser***, 18 A.3d 1128, 1135-1136 (Pa. 2011) (citations and internal quotation marks omitted).

Here, Appellant's basis for his weight of the evidence claim is that "[Mr.] Thomas' only identification of [Appellant] was made for the first time on the day of trial, when he was the only defendant in the courtroom sitting next to defense counsel, and [Mr.] Thomas said he did not recognize [Appellant] when they were face to face at the preliminary hearing. Moreover, [Mr.] Beasley misidentified [Appellant] just minutes after the incident." Appellant's Brief, at 24.

The trial court considered the testimony presented at trial and found the testimony of the victims to be credible. TCO, at 5. "[O]n issues of credibility and weight of the evidence, an appellate court defers to the findings of the trial judge, who has had the opportunity to observe the proceedings and demeanor of the witnesses." ***Commonwealth v. Cunningham***, 805 A.2d 566, 572 (Pa. Super. 2002). The trial court, as fact finder, concluded that the elements of robbery and conspiracy to commit robbery were proven beyond a reasonable doubt, and that Appellant committed these offenses. TCO, at 5. We ascertain no abuse of discretion in the trial court's denial of Appellant's challenge to the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/6/2015</u>

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

vs.

WILLIAM MILLENDER,
                    Appellant

CRIMINAL DIVISION

CC201115480/201113237
1686 WDA 2013

## OPINION

*Sasinoski*, J.

This is an appeal from the judgment of sentence of an aggregate sentence of 3 ½ to 7 years at CC Nos. 201115480 and 201113237 after his conviction of various offenses including Robbery[1], Recklessly Endangering Another Person[2] and Conspiracy[3] after a non-jury trial. Post sentence motions were denied on September 17, 2013 and a timely Notice of Appeal was filed. Defendant alleges the following errors in his 1925(b) statement:

a.   The evidence is insufficient to support the convictions because there was no identification of Mr. Millender made beyond a reasonable doubt as one of the people who committed the robberies in question. The only evidence allegedly related to the robberies that was found on Mr. Millender was the Oakland Raiders baseball cap, which is a common item that could have been from anywhere. The only identification coming from victim Landon Thomas occurred when he pointed out Mr. Millender sitting at the defense table in the courtroom – the *only* defendant in court at the time. This is an insufficient identification. Furthermore, there is no evidence of any agreement between Millender and the two others initially charged in these crimes, which is a necessary element of any conspiracy conviction.

b.   In the alternative, the guilty verdict is against the weight of the evidence. Again, the identification of Mr. Millender was suspect as the victims did not identify him via a photo array or at any previous time except when he was sitting with defense counsel in the courtroom during trial. This prejudicial identification procedure

---

[1] 18 Pa.C.S.A. §3701
[2] 18 Pa.C.S.A §2705
[3] 18 Pa C.S.A. §903

2

cannot be the sole support of Mr. Millender's involvement in robberies beyond a reasonable doubt. Mr. Millender was not found with any stolen items except for the widely available Raiders cap, which could have ben from anywhere. The guilty verdict should, upon reflection, shock the conscience of the court such that I must be overturned.

This opinion is filed in response thereto. After waiving his right to a jury trial the defendant proceeded in a non-jury trial. At trial, the Court considered as evidence a video of the East Bus Way Station in Wilkinsburg identifying defendant, William Millender, and two other individuals, Steven Wallace and Roderick Cook getting on a westbound bus on September 29, 2011 between 9:08 p.m. and 9:22 p.m. Defense counsel stipulated to the identity of his client. (N.T. pp. 11, 12)[4] Another stipulation was reached that defendant appeared in photos introduced as Commonwealth exhibits 2 through 8. (N.T. p. 13) Another stipulation was reached that City of Pittsburgh Police Officer Dominic Nino recovered a pink Blackberry from the person of Steven Wallace at approximately 4:30 a.m. on September 30, 2011 near Penn Avenue in the Shadyside-East Liberty neighborhood in t. (N.T. p. 13)

At trial, Mr. Landon Thomas testified that he was on the way home from work when he was confronted by three men near the Wilkinsburg bus way. (N.T. pp. 17-19) One of the men pulled a gun and demanded his phone. (N.T. p. 19) All three men pulled Mr. Thomas to the side of a building, checked his wallet, and took change and his transit, along with his cell phone. (N.T. pp. 19-22) Mr. Thomas said he was scared, as it was the first time ever that a gun was pulled on him. (N.T. p. 22) Mr. Thomas also testified that his Oakland raiders hat was taken, which he was wearing at the time and which he identified as Commonwealth's Exhibit. (N.T. p. 23) The man with the gun

---

[4] N.T. refers to notes of Non-Jury Trial transcript dated April 9, 2013.

Received: 06/12/2016 01:19 PM

took it off his head and gave it to his accomplice. (N.T. p. 24) The gunman put the gun in Mr. Thomas' face and told him to "get up the street before I shoot you in the face" as the three men went toward the bus way. (N.T. p. 24) Mr. Thomas recognized the phone depicted in a photo, Exhibit 9, as being the one taken from him that night.

In photo Exhibit 7, Mr. Wallace identified the man who was wearing his Raiders hat, who helped go through the process of checking the victim's pockets and back. Mr. Wallace walked home after the robbery and called police, who responded and took him to the crime scene, and later to the police station. The defendant was identified as being the person who "assisted the guy with the firearm", and who was wearing the victim's hat. (N.T. pp. 30-31)

The Commonwealth next called Norman Beasley, administer with East (inaudible) Presbyterian Church who testified that at approximately 4:00 a.m. on September 30, 2011, he was in the area of East Liberty Circle and Penn Avenue. (N.T. p. 54) He observed three young men cross the street toward him, and he in turn, decided to cross the street to get away from then. (N.T. pp. 54-55) Mr. Beasley was punched from behind in a dark area of the street by a young man who then took Beasley's cell phone, which had fallen to the ground. Mr. Beasley asked for his phone back, and then observed two (2) other men standing near the entrance to a nearby Target store, one of which was Mr. Millender. (N.T. pp. 56-59) The man who took the phone then ran toward the defendant and the other man at the Target store and all three (3) took off together. Mr. Beasley flagged down a passing police car and the officer placed him in his car after Beasley related what happened earlier. The officer drove toward a Giant Eagle grocery store where three (3) individuals were confronted and apprehended. Mr. Beasley confirmed that the three (3) men, one of whom was the

4

defendant, were the same individuals who took his phone and ran from him. (N.T. p. 59) Several hours later, Mr. Beasley's phone was recovered from underneath a car parked in a lot approximately fifty yards from the Giant Eagle store where the defendant was apprehended earlier that morning. (N.T. pp. 59-60)

Evidence is sufficient to support a verdict of guilty if each material element of the crime(s) charged is established, and it is the accused who committed the offense(s) beyond a reasonable doubt. *Commonwealth v. Widmer*, 744 A.2d 745 (Pa. 2000) In conducting the review, the court must review the evidence in the light most favorable to the verdict winner, while giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence in the case. Id.

In this case, the Court found the testimony of the victims to be credible and considered the testimony presented at trial. The Court also found that the elements of the offenses were proven beyond a reasonable doubt, and that the defendant committed these offenses. Accordingly, the Court is satisfied that the defendant's claim that insufficient evidence was presented is without merit.

The defendant also alleges the verdict is against the weight of the evidence. A verdict is against eh weight of the evidence if it is so contrary to the evidence so as to "shock ones' sense of justice." *Commonwealth v. Blaheney*, 946 A.2d 645 (Pa. 2008) The verdict in this case does not shock the Court's sense of justice, and this claim of error is likewise without merit.