J. A11002/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANGEL RAMOS-DELGADO, | : | No. 482 EDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, December 23, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0014888-2012

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND WECHT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 03, 2015**

Appellant appeals the judgment of sentence imposed following his conviction for possession of a controlled substance with intent to deliver and criminal conspiracy.[1]  Finding that the sentence is unconstitutional under recent federal and state decisions, we vacate the sentence and remand for resentencing.

Appellant was convicted on September 30, 2013, following a bench trial.  The trial court summarized the evidence against appellant:

> The evidence admitted during the stipulated trial established that on September 19, 2012, Philadelphia Police Officer Regino Fernandez and other members of the Narcotics Field Unit met with a confidential informant ("CI") to arrange a controlled narcotics purchase from 3235 North Rorer Street in Philadelphia.  N.T., Preliminary Hearing, 12/13/2012,

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 903(c).

pp. 5-6.[Footnote 2]   The CI was searched for narcotics and U.S. currency, with negative results. *Id.*   Then, the CI was provided with $160 in prerecorded "buy money" and sent to the target location.  *Id.*   Officer Fernandez, while undercover, followed the CI and established a surveillance location about fifteen to thirty feet from the target. *Id.* at 6-7, 10.   The CI approached the Defendant and Mr. Gonzalez and engaged the men in brief conversation.  *Id.* at 7.   He then handed Defendant the buy money.  *Id.*   Mr. Gonzalez entered the residence and returned in approximately one to two minutes.  *Id.*   When he emerged from the house, he handed the CI an object.  *Id.*   After the transaction, both Defendant and Mr. Gonzales returned to the residence.  *Id.*   The CI was followed out of the area by Officer Morales (first name not given).  *Id.*   The CI provided Officer Fernandez with a clear, plastic baggy tied in a knot, containing a large chunk of an off-white substance alleged to be crack cocaine.  *Id.* The recovered substance tested positive for crack cocaine base.  *Id.*

> [Footnote 2] During the hearing, Officer Fernandez positively identified the Defendant and his co-defendant, Tommy Gonzalez, as the men involved in the narcotics transaction.  *Id.* at 6.

On September 20, 2012, Police Officer Joseph McCook, along with Officer Morales, participated in the narcotics investigation targeting the Rorer Street residence.  *Id.* at 16.   Again, a CI was used to make a controlled narcotics purchase.  *Id.*   Officer Morales searched the CI for narcotics and U.S. currency.  *Id.* at 16-17.   Officer Morales then provided the CI with $180 in prerecorded buy money.  *Id.* at 17. Officer McCook observed the Defendant emerge from the target residence prior to the CI's arrival.  *Id.* at 17.   The Defendant, while speaking with the CI, walked directly past Officer McCook.  *Id.*   The Defendant then accepted $180 of the buy money, and handed the CI a small, white object.  *Id.*   The object was later surrendered to Officer Morales, who

conducted a field test with positive results. *Id.* at 17-18. On September 21, 2012, officers received information and proceeded to 3207 Rorer Street, a short distance from the target location. *Id.* at 18-19. There, officers arrested the Defendant and Mr. Gonzales. *Id.* at 18. Currency in the amount of $420 was recovered from Mr. Gonzales; nothing was recovered from Defendant. *Id.* at 19. Officers then executed a search and seizure warrant on 3235 North Rorer Street. *Id.* Recovered from inside the residence, in the refrigerator, were four bundles of heroin containing a total of fifty packets of the drug. *Id.* at 20. In addition to the heroin, there were three clear bags containing powder cocaine, and one clear bag containing crack cocaine. *Id.* All of which tested positive for narcotics. *Id.* There was also one pill bottle in the kitchen cabinet that contained fifty pills alleged to be Clonazepam (a benzodiazepine). *Id.* at 21. Mail in the name of Mr. Gonzales and photographs of him were located in the living room of the residence. *Id.* Also located in the living room, were two scales and one bag containing new and used yellow Ziploc packets. *Id.*

In addition to the testimony, summarized above, from the preliminary hearing, the Commonwealth moved into evidence the 75-49 (police investigation report), the narcotics seizure analysis, and the property receipts in this case. N.T., 09/30/2013, p. 10. Defense counsel stipulated to the admissibility of "all non-hearsay evidence." *Id.*

Trial court opinion, 8/1/14 at 2-4.

Appellant raises the following issues on appeal:

I. Whether the trial court erred in applying the mandatory minimum sentencing statute, 18 Pa.C.S. § 7508, because procedural provisions of section 18 Pa.C.S. § 7508(b) of the statute are unconstitutional under *Alleyne v. United States*, 133 S.Ct. 2151 (2013) and *Commonwealth v. Newman*, 2014 PA Super

178, the statute is not severable under 1 Pa.C.S. § 1925, and therefore the mandatory minimum sentencing statute is wholly void and unenforceable?

II. Was the evidence insufficient to establish conspiracy beyond a reasonable doubt where the Commonwealth failed to present evidence that the defendant had ongoing access to the drugs sold on the first day and those recovered from the house, and therefore presented insufficient evidence that the drugs recovered at the end of a three day surveillance and execution of a search warrant, were possessed by the appellant within the, and in furtherance of the conspiracy.

III. Did the trial court err in applying the mandatory minimum sentencing statute at 18 Pa. C.S. § 7508 to the conviction for criminal conspiracy?

Appellant's brief at 2.

In his first issue, appellant questions the constitutionality of his mandatory minimum sentence following the decisions in *Alleyne v. United States* and *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*). *Alleyne* held that any fact that served to aggravate the minimum sentence could not be considered a sentencing factor determined by the trial court by a preponderance of the evidence, but had to be found by a jury beyond a reasonable doubt. *Newman* ruled that *Alleyne* specifically rendered the mandatory minimum sentencing provision under 42 Pa.C.S.A. § 9712.1 unconstitutional.

*Newman* also held that both Subsections 9712.1(a) and 9712.1(c) were rendered void over an argument that Subsection 9712.1(a) was severable from Subsection 9712.1(c), which was the subsection rendered unconstitutional under *Alleyne*. *Newman*, 99 A.3d at 101. Pursuant to that argument, the Commonwealth suggested merely remanding the case for review by a sentencing jury. *Newman* rejected that approach as tantamount to legislating a new enforcement procedure, and that it was more appropriately the province of the General Assembly to address. *Newman* effectively "wiped the slate clean," allowing no sentence to stand under Section 9712.1, because that section is unconstitutional in whole.

Instantly, Subsection 7508(a)(3)(i) imposes a one-year mandatory minimum sentence based upon the weight of the drugs and a three-year mandatory minimum sentence if there is also a prior drug conviction. Subsection 7508(b) is nearly identical to Subsection 9712.1(c) in *Newman*:

> **(b)** **Proof of** [sic] **sentencing.--**Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

18 Pa.C.S.A. § 7508(b).

The lower court found that appellant's mandatory minimum sentence was sustainable in spite of **Alleyne** because, as the finder-of-fact in a bench trial, it had determined the weight of the drugs beyond a reasonable doubt, and because it found the unconstitutional Subsection 7508(b) to be severable from Subsection 7508(a). (Trial court opinion, 8/1/14 at 9-12.) We note that another panel of this court has subsequently ruled that Subsection 7508(b) is not severable, under the logic of **Newman**, and that Section 7508 is unconstitutional in total. **Commonwealth v. Fennell**, 105 A.3d 13, 17-20 (Pa.Super. 2014). We agree. Consequently, we will vacate the judgment of sentence entered below and remand for resentencing. We will now briefly review the other two issues raised by appellant.

In his second issue on appeal, appellant contends that the evidence was insufficient to establish a conspiracy such that the drugs recovered from his co-defendant's house could be attributed to him. We find no merit in this argument.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder

unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa.Super. 2014), quoting

*Commonwealth v. Phillips*, 93 A.3d 847, 856 (Pa.Super. 2014) (citations

omitted; bracketed material in original).

To sustain a conviction for criminal conspiracy, the Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy. *Commonwealth v. Hennigan*, 753 A.2d 245, 253 (Pa.Super.2000). "This overt act need not be committed by the defendant; it need only be committed by a coconspirator." *Id.* With respect to the agreement element, we have explained:

The essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal objective be accomplished. Therefore, a conviction for conspiracy requires proof of the existence of a shared criminal intent. An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred

> where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt.

*Commonwealth v. Melvin*, 103 A.3d 1, 42-43 (Pa.Super. 2014), quoting

*Commonwealth v. McCall*, 911 A.2d 992, 996-997 (Pa.Super. 2006).

The existence of a conspiracy between appellant and his co-defendant, Gonzalez, to illegally possess and sell controlled substances was readily demonstrated by the evidence at trial. In one drug transaction, the CI approached appellant and Gonzalez as they stood together. The CI gave appellant the money and then Gonzalez went into his residence, retrieved the drugs, and handed them to the CI. Afterward, appellant and Gonzalez returned to Gonzalez's residence. In another controlled buy, appellant emerged from Gonzalez's residence alone. When the CI arrived, he gave appellant money and appellant gave the CI drugs. The first transaction showed appellant and Gonzalez jointly conducting a drug sale with appellant handling the money and Gonzalez handling the drugs; hence, a conspiracy to possess a controlled substance with intent to deliver. The second episode showed that appellant had full access to Gonzalez's house and the drugs stored there.

Moreover, as to the drugs stored in Gonzalez's residence, we note that a conspirator is criminally liable for the acts of a co-conspirator in the furtherance of the conspiracy:

> Once there is evidence of the presence of a conspiracy, conspirators are liable for acts of co-conspirators committed in furtherance of the conspiracy. Even if the conspirator did not act as a principal in committing the underlying crime, he is still criminally liable for the actions of his co-conspirators taken in furtherance of the conspiracy.

*Commonwealth v. Vargas*, 108 A.3d 858, 874 (Pa.Super. 2014), quoting *Commonwealth v. Lambert*, 795 A.2d 1010, 1016-1017 (Pa.Super. 2002) (*en banc*), *appeal denied*, 805 A.2d 521 (Pa. 2002). Once the first transaction proved the conspiracy, appellant was criminally liable for any drugs that Gonzalez subsequently stored at his residence to be later sold by him and appellant. The evidence of conspiracy was sufficient to find appellant criminally liable for the drugs found in Gonzalez's residence. There is no merit here.

Finally, appellant contends that 18 Pa.C.S.A. § 7508 only authorizes a mandatory minimum sentence for the drug conviction and not for the conspiracy conviction. Appellant maintains that the concurrent mandatory minimum three to six-year sentence that was imposed as to his conspiracy conviction is, therefore, illegal. Both the trial court and the Commonwealth concede that appellant is correct. (Trial court opinion, 8/1/14 at 6-8; Commonwealth's brief at 11.) We note that our supreme court has held that

Section 7508 does not authorize an additional mandatory minimum sentence for a related conspiracy conviction. ***Commonwealth v. Johnson***, 26 A.3d 1078, 1091-1092 (Pa. 2011). Consequently, appellant's sentence on the conspiracy conviction must be vacated on this basis also.

Accordingly, for the reasons stated in this memorandum, appellant's sentence will be vacated and the matter shall be remanded for re-sentencing.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Wecht, J. joins the Memorandum.

Olson, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2015