J-S28036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMEL BAXTER, | : | |
| | : | |
| | : | No. 1969 MDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence July 27, 2017
in the Court of Common Pleas of Lebanon County,
Criminal Division at No(s): CP-38-CR-0001469-2016

BEFORE: OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 20, 2018**

Jamel Baxter ("Baxter") appeals from the judgment of sentence imposed following his convictions of one count each of possession with intent to deliver a controlled substance, possession of a controlled substance, possession of drug paraphernalia, and escape, and three counts of criminal conspiracy. ***See*** 35 P.S. § 780-113(a)(30), (16), (32); 18 Pa.C.S.A. § 5121(a); 903(a)(1). We affirm.

The trial court aptly summarized the facts as follows:

> On December 14, 2012, Sergeant Brett Hopkins (hereinafter "Sgt. Hopkins") was conducting surveillance in the 800 block of Willow Street, which is known to be a high drug/crime area. At 11:00 p.m. that evening, he and another detective observed two individuals exit a vehicle, knock on a window and enter a residence. The two individuals departed the residence within minutes and then entered the Silver Dollar bar at 9th and Willow Streets. The two individuals left shortly before midnight.

Sgt. Hopkins then followed the individuals as they drove to a gas station in a vehicle. At the gas station, the passenger of the vehicle [Nessan Ruffin ("Ruffin")] was observed meeting with someone and engaging in a hand-to-hand exchange. Based upon the experience and training of Sgt. Hopkins and his fellow detective, they believed they had just witnessed a drug transaction, so they then contacted Officer Minnick (now "Detective Minnick"), who was then working as a Lebanon City Police Department patrolman. At this time[,] [Baxter] was identified as the driver of the vehicle.

Detective Minnick then began to follow the vehicle based upon the information he received from Sgt. Hopkins. Detective Minnick made contact with [Baxter], who was the driver of the vehicle. Neither [Baxter] nor [Ruffin] were the owner of the vehicle, so Detective Minnick made contact with the vehicle's owner and received consent to search the vehicle.

Detective Minnick then returned to the vehicle and asked [Baxter] to exit the vehicle. Detective Minnick observed that [Baxter] had something cupped in his hands, so he asked [Baxter] what he was holding. [Baxter] proceeded to place his hand behind his back. Detective Minnick stated that he feared that [Baxter] was reaching for a weapon, so he grabbed [Baxter's] arm. Once he grabbed [Baxter's] arm, multiple baggies of what appeared to be crack cocaine fell onto the ground. [Baxter] was then advised that he was being placed under arrest. … [Baxter] turned toward the vehicle and fled on foot, and was not apprehended that night. In total, twelve (12) baggies of crack cocaine were found on the ground and in the vehicle. Currency in the amount of $660.00 was also found. Further, [Ruffin] was found to be in the possession of two (2) continuously ringing cell phones.

Trial Court Opinion, 11/9/17, at 2-4 (citations omitted).

On May 3, 2017, following a jury trial, Baxter was convicted of the above-mentioned crimes. On July 27, 2017, the trial court sentenced Baxter to an aggregate prison term of thirty months to fifteen years. Baxter filed timely Post Sentence Motions on July 31, 2017. On November 9, 2017, the trial court denied Baxter's Post Sentence Motions. Baxter filed a timely Notice

of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Baxter raises the following questions for our review:

1. Whether [Baxter's] motion for acquittal should be granted due to the Commonwealth's failure to present sufficient evidence at trial?

2. Whether the jury's verdict was against the weight of the evidence?

Brief for Appellant at 4 (numbers added).

Baxter argues that the evidence was insufficient to support his possession of a controlled substance, possession with intent to deliver and criminal conspiracy convictions. *Id.* at 9. Baxter argues that he did not possess the drugs with intent to deliver because Ruffin engaged in the hand-to-hand exchange, and was found with ringing cell phones and money on his person. *Id.* at 9, 10. Baxter also asserts the Commonwealth failed to meet its burden in proving the elements of conspiracy because he was merely sharing a vehicle and entered a home with Ruffin. *Id.* at 10; *see also id.* (arguing that Ruffin completed a drug deal without Baxter).

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by

- 3 -

the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

The Controlled Substance, Drug, Device, and Cosmetic Act provides, in relevant part, the following:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

***

(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

***

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

- 4 -

35 P.S. § 780-113(a)(16), (30).

The standard for proving possession with intent to deliver is as follows:

> In order to uphold a conviction for possession of narcotics with the intent to deliver, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance and did so with the intent to deliver it. The intent to deliver may be inferred from an examination of the facts and circumstances surrounding the case. Factors which may be relevant in establishing that drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant.

*Commonwealth v. Aguado*, 760 A.2d 1181, 1185 (Pa. Super. 2000) (citations omitted).

The Crimes Code defines criminal conspiracy as follows:

> **(a)  Definition of conspiracy.—**A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
> (1)  agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime[.]

18 Pa.C.S.A. § 903(a)(1).

> To convict a defendant of conspiracy, the trier of fact must find that: (1) the defendant intended to commit or aid in the commission of the criminal act; (2) the defendant entered into an agreement with another (a "co-conspirator") to engage in the crime; and (3) the defendant or one or more of the other co-conspirators committed an overt act in furtherance of the agreed upon crime.

*Commonwealth v. Murphy*, 844 A.2d 1228, 1236 (Pa. 2004).  "In most cases of conspiracy, it is difficult to prove an explicit or formal agreement; hence, the agreement is generally established via circumstantial evidence,

- 5 -

such as by the relations, conduct, or circumstances of the parties or overt acts on the part of co-conspirators." *Commonwealth v. Collins*, 70 A.3d 1245, 1250 (Pa. Super. 2013) (citation omitted). Further, "[w]here the conduct of the parties indicates they were acting in concert with a corrupt purpose in view, the existence of a conspiracy may be properly inferred." *Commonwealth v. Clark*, 746 A.2d 1128, 1137 (Pa. Super. 2000) (citation omitted). Additionally, a defendant is liable for the actions of his co-conspirators if those actions were in furtherance of the common criminal design. *Commonwealth v. King*, 990 A.2d 1172, 1178 (Pa. Super. 2010).

Here, Sgt. Hopkins testified that he saw Baxter and Ruffin go into a house and leave a few minutes later; subsequently, the pair drove to a gas station. N.T., 5/3/17, at 16, 17. At the gas station, the passenger of the vehicle, Ruffin, was observed engaging in a hand-to-hand exchange with another person. *Id.* at 17. Believing it was a drug transaction, Sgt. Hopkins contacted Detective Minnick, who began to follow the vehicle. *Id.* at 17, 25.

Detective Minnick testified that he approached the vehicle and made contact with Baxter. *Id.* at 24-25. After determining that neither Baxter nor Ruffin was the owner of the vehicle, Detective Minnick obtained consent from the owner to search the vehicle. *Id.* at 28. Thereafter, Detective Minnick asked Baxter to exit the vehicle, at which time Detective Minnick observed that Baxter appeared to have something in his hand. *Id.* When Baxter placed his hand behind his back, Detective Minnick grabbed his arm, fearing that

Baxter was reaching for a weapon. *Id.* When Detective Minnick grabbed Baxter's arm, multiple baggies of crack cocaine fell onto the ground. *Id.* Detective Minnick told Baxter he was under arrest, at which time Baxter fled on foot, and was not apprehended that night. *Id.* at 29. Other bags of crack cocaine were found on the floorboard on the driver's side and in the driver's side door pocket. *Id.* at 30. Further, $660 in cash and two continuously ringing cell phones were recovered from Ruffin. *Id.* at 32, 33. Detective Minnick indicated that the drugs were possessed with the intent to deliver, because there was no drug paraphernalia found; Ruffin had a large amount of money; and the two cell phones were ringing continuously. *Id.* at 38-39.

Viewing the evidence in a light most favorable to the Commonwealth, we conclude that the evidence established an agreement between Baxter and Ruffin to possess and deliver the drugs. *See Murphy*, 844 A.2d at 1236. While Baxter may not have conducted the hand-to-hand transactions, he committed overt acts in furtherance of the illicit enterprise by holding the drugs. *See Commonwealth v. McCall*, 911 A.2d 992, 997 (Pa. Super. 2006) (noting that while defendant did not handle the drugs, he took an active role in the conspiracy); *see also Murphy*, 844 A.2d at 1239 (stating that where the overt act requirement was satisfied when the co-conspirator delivered drugs to the buyer). Thus, the evidence is sufficient to sustain Baxter's conviction of criminal conspiracy. *See Commonwealth v. Ruiz*, 819 A.2d 92, 97-98 (Pa. Super. 2003) (concluding that appellant acting in concert with

cohort sustained a conspiracy connection). Further, because the evidence is sufficient to prove that Baxter conspired with Ruffin to sell drugs, it is also sufficient to sustain his convictions of possession of a controlled substance and possession with intent to deliver. ***See Commonwealth v. Holt***, 711 A.2d 1011, 1017 (Pa. Super. 1998) (stating that "when the appellant was convicted of conspiracy to possess with intent to deliver …, he is also culpable for the crime itself, that is possession with intent to deliver."). Accordingly, we cannot grant Baxter relief on this claim.

In his second claim, Baxter argues that the jury verdict was against the weight of the evidence. Brief for Appellant at 10. Baxter points out that at no time did law enforcement see him engage in a hand-to-hand delivery, and he did not personally possess the cell phones or the money. ***Id.*** at 11. He contends that the absence of paraphernalia did not demonstrate that he was a dealer. ***Id.***

> We apply the following standard of review for weight of evidence claims:
>
> A verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. A weight of the evidence claim is primarily directed to the discretion of the judge who presided at trial, who only possesses narrow authority to upset a jury verdict on a weight of the evidence claim. Assessing the credibility of witnesses at trial is within the sole discretion of the fact-finder. A trial judge cannot grant a new trial merely because of some conflict in testimony or because the judge would reach a different conclusion on the same facts, but should only do so in extraordinary circumstances, when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. On review, an appellate court determines whether the trial court abused its

discretion based upon review of the record; its role is not to consider the underlying question in the first instance.

***Commonwealth v. Blakeney***, 946 A.2d 645, 652-53 (Pa. 2008) (citation and quotation marks omitted).

Here, the jury, sitting as fact-finder, was free to weigh the credibility of Sgt. Hopkins and Detective Minnick in rendering the verdict. ***See*** Trial Court Opinion, 11/9/17, at 8. Based on the record, the jury's decision is supported by the evidence, and does not shock one's sense of justice. Thus, the trial court did not abuse its discretion in denying Baxter's weight of the evidence claim. ***See Blakeney***, 946 A.2d at 653.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/20/2018