J-S06041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| KEVIN BRISCOE | |
| Appellant | No. 740 EDA 2016 |

Appeal from the Judgment of Sentence March 3, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0012317-2014

BEFORE: MOULTON, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED FEBRUARY 24, 2017**

Appellant, Kevin Briscoe, appeals from his judgment of sentence of twenty-one to forty-two months' imprisonment for possession with intent to deliver a controlled substance ("PWID"),[1] conspiracy to possess a controlled substance with intent to deliver[2] and bribery.[3] Appellant challenges the sufficiency of the evidence. We affirm.

The following evidence was adduced during Appellant's non-jury trial. Officer Patrick Banning testified that during his course of duty on the afternoon of July 22, 2014, he engaged in narcotics surveillance in the area of the intersection of D and Indiana Streets, Philadelphia, Pennsylvania, with

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 903.

[3] 18 Pa.C.S. § 4701(a)(3).

Sergeant Patrick Love and another officer. N.T., 12/18/15, at 8. Officer Banning and the other officers sat in an unmarked parked car on the northeast corner of D and Indiana Streets. *Id.* at 10. Between 2:30 and 2:53 p.m., Officer Banning observed Appellant and another man, later identified as Spencer Platt, standing together on the southeast corner of D and Indiana Streets. *Id.* at 20-21. Appellant and Platt spoke to one another but never exchanged anything between them. *Id.*

Five transactions took place at the street corner during this twenty-three minute period. *Id.* at 12-16. In the first transaction, an unknown individual approached Appellant and Platt and handed Platt United States currency. *Id.* at 11-12. Platt walked down Indiana Street to a grassy area in front of a brown building, where he retrieved a Newport cigarette box. *Id.* He took at least one green packet from the box and handed it to the individual. *Id.* The second and third transactions were identical to the first transaction. *Id.* at 13-14.

In the fourth transaction, an individual spoke with Appellant and Platt and handed Appellant United States currency. *Id.* at 14-15. Appellant walked down Indiana Street, obtained an object from a black plastic bag near the brown building, and handed the object to the individual. *Id.*

In the fifth and final transaction, an unknown female approached Platt, but not Appellant, and handed Platt United States currency. *Id.* at 15-16.

Platt returned to the grassy area, retrieved his cigarette box, removed at least one green packet from the box and handed it to the female. *Id.*

At 2:55 p.m., Officer Banning and back-up officers apprehended Appellant and Platt. *Id.* at 16. Officers recovered $40.00 in United States currency from Platt's pocket and $251.00—one $100 bill, five $20 bills, three $10 bills, two $5 bills, and eleven $1 bills—from Appellant's pockets. *Id.* at 17, 19. Near the brown building on Indiana Street, officers recovered a Newport cigarette box containing six clear Ziploc packets. *Id.* at 17-18. Inside each packet was a green glassine packet stamped with the words "red devil" and containing heroin. *Id.* Against the wall of the same building, officers found a black plastic bag containing 24 clear vials of crack cocaine and one clear Ziploc packet. *Id.* at 19. Inside the Ziploc packet was a green glassine packet stamped with the words "red devil" and containing heroin. *Id.* None of the five buyers were apprehended. *Id.* at 11-16.

While handcuffed in the backseat of a marked police car, Appellant requested to speak with Sergeant Love. *Id.* at 20, 49. Appellant said to Sergeant Love: "If you take the cuffs off me right now and let me go, you can keep all the money you got off me." *Id.* at 49. At the time of this statement, the money recovered from Appellant was in police possession, and Sergeant Love was working in his capacity as a Philadelphia police officer and was wearing his badge. *Id.* at 50-51, 56.

Appellant testified that police officers picked him at random out of a group of people on the street and accused him of selling drugs. *Id.* at 67-74. He claimed that he did not offer police officers money, and that another unknown male in the police car might have offered money to the officers, although he was unsure what the other male said. *Id.* at 71-72, 90.

During closing argument, defense counsel conceded that the trial court was "possibly faced with a credibility call." *Id.* at 92. Following argument, the trial court found Appellant guilty of all charges. *Id.* at 95. On March 3, 2016, the trial court imposed sentence. Appellant filed a timely appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises three issues on appeal:

> 1. The evidence was insufficient as a matter of law to sustain [Appellant's] conviction for [PWID,] because the Commonwealth did not offer testimony about what was actually exchanged, expert testimony about what was likely exchanged, expert testimony that the narcotics in question were possessed under circumstances indicating an intent to deliver[,] or testimony that the alleged buyers were actually in possession of a controlled substance after meeting with [Appellant].
>
> 2. The evidence was insufficient as a matter of law to sustain [Appellant's] conviction for conspiracy[,] as there was insufficient evidence to show an unlawful agreement to distribute controlled substances as there was no evidence that [Appellant] was working in concert with another and for the reasons set forth in ¶ 1 above.
>
> 3. The evidence was insufficient as a matter of law to sustain [Appellant's] conviction for [b]ribery[,] because the money in question was already in the lawful custody of police and thus could not be conferred as a benefit or

pecuniary benefit upon the police officer within [the] meaning [of] 18 Pa.C.S. § 4701.

Appellant's Brief at 7.

Appellant first contends that the evidence was insufficient to sustain his conviction for PWID. He admits that the evidence established his "constructive possession" of the controlled substances, *Id.* at 14, but he insists that the Commonwealth failed to prove what the buyers purchased, because Officer Banning could not see what the buyers received, and the officers did not stop any of the buyers. *Id.* at 16. In addition, Appellant considers it "noteworthy that the Commonwealth did not rely on an expert's opinion for the proposition that (1) the narcotics in question were possessed under circumstances indicating an intent to deliver or (2) the conduct observed by [Officer] Banning was consistent with drug dealing." *Id.* at 17.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial the in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact [,]

while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

***Commonwealth v. Talbert***, 129 A.3d 536, 542-43 (Pa. Super. 2015) (citation omitted), *appeal denied*, 138 A.3d 4 (Pa. 2016).

A person is guilty of PWID if he manufactures, delivers, or possesses with intent to manufacture or deliver a controlled substance, absent legal authorization. 35 P.S. § 780-113(a)(30). "Determining whether a person possessed a drug with an intent to deliver is based upon the totality of circumstances." ***Commonwealth v. Coleman***, 130 A.3d 38, 41 (Pa. Super. 2015) (citation omitted), *appeal denied*, 134 A.3d 54 (Pa. 2016). If the quantity of the controlled substance is not dispositive as to the intent, the court may look to other factors, including:

> the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and . . . [the] sums of cash found in possession of the defendant. The final factor to be considered is expert testimony. Expert opinion testimony is admissible concerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use.

***Commonwealth v. Roberts***, 133 A.3d 759, 768 (Pa. Super. 2016) (citation omitted), *appeal denied*, 145 A.3d 725 (Pa. 2016)*.* Although expert testimony is admissible to prove PWID, it is not always necessary. ***See Commonwealth v. Baker***, 72 A.3d 652, 659 (Pa. Super. 2013) (Commonwealth was not required to present expert testimony to prove

intent to deliver; "[t]o the contrary, case law states that expert testimony is important in cases where the other evidence does not establish that defendant possessed the drugs with the intent to deliver").

In this case, the trial court opined:

> The most persuasive factor pointing to [PWID] is the behavior of [Appellant] and his co-conspirator. Officer Banning [testified] that five times after meeting unknown individuals on the street, [Appellant] and his co-conspirator retrieved small objects from a concealed location. The officer testified credibly that [Appellant] and Mr. Platt accessed the concealed locations after receiving money from various unknown individuals who were not apprehended. Officer Banning testified that he then observed the two men hand small objects to the unknown individuals who had given them money. While the officer could not see the specific objects [Appellant] handed off, the objects were small and consistent in size with the vials recovered from the black plastic bag. Officer Banning did not observe [Appellant] or Mr. Platt consume the substances that were illegally possessed . . .
>
> The amount and packaging of the contraband recovered from both the Newport cigarette box and the black bag also tend to show [PWID]. Including the six packets of heroin in the cigarette box, the one in the black bag and at least four Officer Banning observed Mr. Platt hand to unknown individuals, there were at least [eleven] packets of heroin in the cigarette box at the start of the surveillance. With the [twenty-three] vials of cocaine, the amount of narcotics recovered supports this Court's conclusion that they were possessed with intent to distribute. The officers found no drug-use paraphernalia on either conspirator or in the area surrounding the bag or cigarette container. The fact that the drugs were packaged in individual dosages and then contained in larger packaging as a group is consistent with intent to distribute.

Trial Ct. Op. at 7-8. We agree with the trial court's persuasive analysis. Construed in the light most favorable to the Commonwealth, the evidence was sufficient to establish the offense of PWID beyond a reasonable doubt.

Appellant next contends that the evidence was insufficient to prove PWID because the officers failed to stop the buyers and thus "were unable to confirm what was actually passed" or show that the buyers were "in possession of something illegal." Appellant's Brief at 16. We disagree.

Appellant and Platt kept a cigarette box and a black bag around the corner from where they met with the buyers. In five separate transactions over a twenty-three minute span, (1) the buyers met with Appellant and/or Platt and handed one of them United States currency; (2) Appellant or Platt retrieved items from the cigarette box or bag, and (3) Appellant or Platt handed these items to the buyers. Shortly after the fifth transaction, police officers recovered small packets of heroin from the cigarette box and black bag as well as individual vials of crack cocaine from the black bag. The items given to the buyers were similar in size to the heroin packets and crack vials. Collectively, this evidence establishes beyond a reasonable doubt that the items handed to the buyers were controlled substances.

Appellant also argues that the evidence was insufficient due to the Commonwealth's failure to submit expert testimony. We disagree. Although expert testimony often is helpful in establishing PWID, we have declined to hold that it is necessary in all cases. **Baker**, 72 A.3d at 659. In this case,

Appellant's guilt is clear enough to make expert testimony unnecessary. Officer Banning observed Appellant and Platt engage in five hand-to-hand drug sales in broad daylight over the space of twenty-three minutes. Officer Banning did not observe Appellant consuming any controlled substances; nor is there other evidence in the record suggesting that Appellant possessed heroin or crack cocaine for personal use. This evidence clearly demonstrates that Appellant possessed the heroin and crack cocaine with intent to distribute them to other individuals.

In his second argument, Appellant asserts that the evidence was insufficient to establish criminal conspiracy. A person is guilty of conspiracy with another person or persons to commit a crime

> if with the intent of promoting or facilitating its commission he: (1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or (2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S. § 903.

> To sustain a conviction for criminal conspiracy, the Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent, and that (3) an overt act was done in furtherance of the conspiracy.

*Commonwealth v. McCall,* 911 A.2d 992, 996 (Pa. Super. 2006) (citation omitted). The overt act necessary to establish criminal conspiracy need not

be committed by the defendant; it need only be committed by a co-conspirator. *Id.* Furthermore,

> [c]ircumstantial evidence may provide proof of the conspiracy. The conduct of the parties and the circumstances surrounding such conduct may create a "web of evidence" linking the accused to the alleged conspiracy beyond a reasonable doubt. Additionally:
>
> > An agreement can be inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode. These factors may coalesce to establish a conspiratorial agreement beyond a reasonable doubt where one factor alone might fail.

*Commonwealth v. Irvin*, 134 A.3d 67, 76 (Pa. Super. 2016) (citations omitted).

The trial court reasoned:

> The Commonwealth offered through Officer Banning that [Appellant] and Mr. Platt were standing near each other on the same corner. Officer Banning testified that the two men were talking together and that individuals approached them and conversed with them together as well. While Officer Banning testified that the men each retrieved narcotics from different sources on the sides of the same building, heroin packets with the same labeling and coloring were recovered from both the cigarette packet Mr. Platt was accessing and the bag [Appellant] was accessing. Although there is no evidence of an express agreement between the two men, their actions engaging narcotics buyers together as well as the presence of the heroin in the same packaging at locations accessed by both defendants all are sufficient to prove a conspiracy to sell narcotics beyond a reasonable doubt.

Trial Ct. Op., at 9-10. We agree with the trial court that this evidence is sufficient to sustain Appellant's conviction for conspiracy to possess controlled substances with intent to deliver. *See Commonwealth v. Johnson*, 920 A.2d 873, 879 (Pa. Super. 2007), *rev'd on other grounds*, 26 A.3d 1078 (Pa. 2011) (evidence was sufficient to support conviction for criminal conspiracy, where "each time [officer] contacted [defendant] to buy drugs, [defendant] met [officer] at prearranged location, took his order, and obtained drugs from others positioned nearby"); *cf. Commonwealth v. Murphy*, 844 A.2d 1228, 1238-39 (Pa. Super. 2004) (evidence was sufficient to sustain defendant's conviction for conspiracy to deliver a controlled substance; when defendant brought drug dealer over to undercover officer, dealer asked defendant whether officer was a cop, and defendant replied that he was not, and then dealer immediately asked officer how much he was willing to spend and how many bags he wanted, and this indicated that dealer already knew, without having to ask, the sole reason that defendant had brought him over to officer, namely that officer was a prospective heroin buyer).

Appellant insists that there was no conspiracy because Appellant and Platt "kept drugs in separate locations and were interacting with separate people." Appellant's Brief, at 19. Appellant is incorrect. Appellant and Platt worked together at the same street corner. They met jointly with approaching buyers, kept their drugs in the same vicinity around the corner

and collected money from buyers in one another's presence. Police officers discovered heroin packets with the same labeling and coloring in both Appellant's bag and Platt's cigarette box. This evidence demonstrates that Appellant and Platt acted in concert to distribute controlled substances.

In his final argument, Appellant contends that the evidence was insufficient to sustain his conviction for bribery. The Crimes Code provides: "A person is guilty of bribery . . . if he offers, confers or agrees to confer upon another, or solicits, accepts or agrees to accept from another . . . (3) any benefit as consideration for a violation of a known legal duty as public servant or party official." 18 Pa.C.S. § 4701(a)(3). "[O]nce the offer to confer the proscribed benefit, or once an agreement is made, the crime is complete." *Commonwealth v. D'Angelo*, 585 A.2d 525, 528 (Pa. Super. 1991) (citation omitted).

> [I]t is sufficient if the actor believes that he has agreed to confer or agreed to accept a benefit for the proscribed purpose, regardless of whether the other party actually accepts the bargain in any contract sense . . . . The evils of bribery are fully manifested by the actor who **believes** that he is conferring a benefit in exchange for official action, no matter how the recipient views the transaction. . . . Each defendant should be judged by what he thought he was doing and what he meant to do, not by how his actions were received by the other party.

*Commonwealth v. Schauffler*, 580 A.2d 314, 316 (Pa. Super. 1990) (emphasis in original; quotation marks omitted).

The trial court reasoned:

> Under [**Schauffler**], the driving inquiry is whether [Appellant] was attempting to confer the [pro]posed benefit. The fact that the money [Appellant] was attempting to confer was [already] in the custody of the Philadelphia Police does not change his intent. This Court believed the testimony of Sergeant Love that [Appellant] intended to convey money upon the police to avoid criminal charges. Furthermore, the Court found [Appellant]'s testimony that another individual in the police car may or may not have offered Sergeant Love a bribe incredible.

Trial Ct. Op., at 10-11. We agree with the trial court that the evidence is sufficient to sustain Appellant's conviction for bribery. In the words of section 4701(a)(3), Appellant "offer[ed] . . . to confer" money upon Sergeant Love "as consideration" for Sergeant Love's "violation of [his] known legal duty as [a] public servant" to arrest Appellant for possession with intent to deliver and conspiracy. *Id.* The fact that Sergeant Love rejected Appellant's offer or that the money was already in the hands of the police is of no moment. *Schauffler*, 580 A.2d at 316. The critical consideration is that Appellant believed that he was conferring a benefit on Sergeant Love in exchange for Sergeant Love's violation of his duties as a police officer.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary

Date: <u>2/24/2017</u>