J-S02024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　:　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　:　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　:
　　　　　　　　v.　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
REGINALD CARR,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　Appellant.　　　　　:　No. 281 EDA 2018

Appeal from the Judgment of Sentence, April 27, 2015,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0011216-2012.

BEFORE:  GANTMAN, P.J.E., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:　　　　　　　**FILED APRIL 17, 2019**

Reginald Carr appeals from his judgment of sentence imposed after a jury found him guilty of second-degree murder, robbery, and conspiracy to commit robbery.[1]  Upon review, we affirm.

We briefly note the circumstances surrounding Carr's convictions.  On the night in question, Carr and his co-defendant, Omar Roane, approached Kyree Young and Tyreese Gibson, on bicycles seeking drugs from Young.  After a brief discussion, Young was shot and killed.  Gibson was also shot, but survived.  Carr was arrested and charged with the offenses mentioned.

After the jury's guilty verdict, Carr was sentenced to thirty (30) to sixty (60) years of imprisonment for the second-degree murder conviction and ten

_____

[1] 18 Pa.C.S.A. § 2502(b), 18 Pa.C.S.A. § 3701, and 18 Pa.C.S.A. § 903.

(10) to twenty (20) years of imprisonment for the conspiracy conviction to run concurrently. The robbery conviction merged for purposes of sentencing.

Carr did not file a post-sentence motion, but filed an appeal to this Court, which we dismissed for Carr's failure to file a brief. Carr filed a PCRA petition, and his direct appeal rights were reinstated. Carr then filed a timely notice of appeal. Both Carr and the trial court complied with Pa.R.A.P. 1925.

Carr raises two issues on appeal:

I.     Is Carr entitled to an arrest of judgment where the Commonwealth did not prove its case beyond a reasonable doubt and where there was insufficient evidence to sustain the verdict?

II.    Is Carr entitled to a new trial as the greater weight of the evidence does not support the verdict?

**See** Carr's Brief at 3.

Carr first contends that the evidence was insufficient to sustain his convictions of second-degree murder, robbery, and criminal conspiracy. Consequently, Carr claims he is entitled to an arrest of judgment. Carr's Brief at 12. We disagree.

Initially, we note our standard of review:

In reviewing a sufficiency of the evidence claim we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013). With these principles in mind, we address Carr's sufficiency claim.

Carr concedes that the Commonwealth established the elements of the crimes at issue.[2] However, he claims the Commonwealth failed to show that he was the perpetrator, in particular, the shooter. Carr's Brief at 12. In support of this claim, Carr first argues that Gibson did not testify that he saw Carr actually shoot a gun. Second, he argues Roane's testimony identifying Carr as the shooter was unreliable. Carr's Brief at 13. Both arguments fail.

Regarding Carr's first argument, initially, we point out that the Commonwealth was not required to prove that Carr was the shooter for the evidence to support his conviction of second-degree murder. As argued by the Commonwealth, it was sufficient merely to show that Carr participated in the robbery and that Young died. *See* 18 Pa.C.S.A. § 2502(b); *Commonwealth v. Waters*, 345 A.2d 613, 616 (Pa. 1975). Additionally, Carr was found to be a co-conspirator in the robbery. Consequently, even if Carr was not the one who actually shot Young, he is still criminally liable for the actions of his co-conspirator in furtherance of the conspiracy. *See, id.*; *Commonwealth v. McCall*, 911 A.2d 992, 997 (Pa. Super. 2006).

---

[2] Because Carr concedes that the Commonwealth satisfied the elements of the offenses at issue, it is not necessary that we set them out here.

Nevertheless, contrary to Carr's contention, our review of the record reveals that Gibson did identify Carr as the shooter. Moreover, the Commonwealth presented other evidence consistent with Gibson's identification of Carr as the shooter.

Gibson testified that he was briefly standing with Young the evening of the incident when two males riding bikes approached Young. They asked Young if he had any weed, to which Young said he only had pills. Gibson started walking away when he heard someone say "don't move" and then heard gunshots. He started running, but looked back and saw one of the males holding a gun. Gibson was shot in the shoulder.

After the incident, Gibson gave a detailed description of Carr and Roane to the police. He also identified Carr in a photo array. Contrary to Carr's claim, Gibson specifically identified Carr at trial as the one who did the shooting. N.T., 2/4/14, at 110-125.

Roane, Carr's co-defendant, also identified Carr as the shooter. He explained that on the evening in question, he and Carr agreed to rob Young and sought him out. After they asked Young for weed, Roane rode up the street on his bike to look out for police. At that point, Carr pulled out a gun. He then heard Carr say "don't move", and then heard gunshots as he was returning to see if Carr was okay. Moreover, he described what Carr wore that evening which was consistent with other witnesses' descriptions of what they had observed.

Additionally, the Commonwealth presented additional significant evidence which corroborated that Carr was the shooter. A neighborhood resident testified that, after hearing gunshots, she saw a black male matching Carr's description running down the street with a gun in his hand. Another neighbor testified that he heard gunshots. About an hour after, he saw Carr. Carr told him it was "hot" meaning there were a lot of cops around. The neighbor asked why. Carr told him he and "O", being Roane, attempted to rob a guy, but he ran and "they" fired shots at him.

In his second argument, Carr claims that Roane's testimony was unreliable, and therefore, the evidence was insufficient to prove that he was the shooter. As the Commonwealth argues, Carr's challenge to Roane's reliability is improper under a sufficiency claim. Commonwealth Brief at 11. A credibility argument cannot be properly considered in reviewing a sufficiency claim; rather credibility goes to the weight of the evidence, which is to be resolved by the trier of fact. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281-82 (Pa. Super. 2009).

Based upon the foregoing, we conclude that the evidence, as well as all reasonable inferences drawn therefrom viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to sustain Carr's convictions.

Next, we address Carr's weight claim. Initially, we note that a claim that the verdict is against the weight of the evidence must be raised with the trial judge in a motion for a new trial by one of the following methods: 1)

orally, on the record, at any time before sentencing; 2) by written motion at any time before sentencing; or 3) in a post-sentence motion. Pa.R.Crim.P. 607. Failure to do so results in waiver. **Commonwealth v. Bryant**, 57 A.3d 191, 196 (Pa. Super. 2012). Carr did not raise his weight claim with the trial court prior to sentencing or in a post-sentence motion. **See** Trial Court Opinion, 5/3/18, at 11. Accordingly, Carr waived this issue.

Judgment of sentence affirmed.

P.J.E. Ford Elliott joins this Memorandum.

P.J.E. Gantman concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/17/19

- 6 -