J-S71006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AQUIL COOPER | : | |
| | : | |
| Appellant | : | No. 3803 EDA 2017 |

Appeal from the Judgment of Sentence April 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008902-2012

BEFORE:  PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, J.:                    **FILED APRIL 26, 2019**

Aquil Cooper appeals, *nunc pro tunc*, from the judgment of sentence entered after he was found guilty of conspiracy to illegally possess a firearm. On appeal, Cooper challenges the sufficiency of the evidence to support his conviction. We affirm.

On November 29, 2011, Detective Steven Wilson ("Officer Wilson") was guarding the residence at 4715 Oakmont Street in Philadelphia in connection with an earlier shooting on the block. At one point, Cooper attempted to leave the residence and Officer Wilson directed him to remain inside pending the arrival of a search warrant for the house.

While standing outside the house, Officer Wilson reported hearing a "plopping sound" in the driveway on the side of the house. **See** N.T., 11/18/2013, at 41. He investigated and discovered a black bag in the area

from where the sound came from. When he looked up toward the house, he saw the silhouette of a person in a window. *Id.*, at 41-42.

Detective William Fiala and Detective Robert Killman then arrived with the search warrant. Detective Wilson directed them to the side driveway where they secured the black drawstring bag. Inside the bag, they found two loaded firearms and two boxes of ammunition which were wrapped up and taped with some clothes[1].

Cooper and the owner of the home, Diana Sheard, were arrested at the scene and transported for questioning. After being read his rights, which he signed and dated, Cooper gave a statement to Detective Killman[2], while Detective Matthew Burkhimer was present. After being read her rights, Sheard also provided a statement in which she admitted to buying the guns earlier in the year. She also admitted to retrieving the guns and ammunition from inside her residence, and tossing them out of the window so they would not be found by police. *See* Written Statement of Diana Sheard, 11/30/2011, at 3.

On November 18, 2013[3], following a bench trial, Cooper was found guilty of Conspiracy – Possession of a Firearm Prohibited. On April 10, 2014, he was

---

[1] It was stipulated that all contents of the bag were recovered at the scene. *See* N.T., 11/18/2013, at 51.

[2] Detective Killman has since retired from the police department.

[3] At the beginning of the hearing, Cooper's attorney presented a suppression motion to suppress Cooper's statement to police. After hearing from witnesses, the court denied the motion. *See* N.T., 11/18/2013, at 33.

sentenced to thirty to sixty months incarceration with credit for time served. He did not file an appeal.

On February 3, 2015, Cooper filed a timely *pro se* petition for relief pursuant to the Post Conviction Relief Act ("PCRA") in which he claimed ineffective assistance of counsel and constitutional violations. Appointed counsel then filed an amended petition seeking reinstatement of Cooper's appellate rights *nunc pro tunc*. The PCRA court subsequently granted the petition. This timely appeal followed.

Cooper challenges the sufficiency of the Commonwealth's evidence to support his conviction for conspiracy to possess a prohibited firearm. Specifically, Cooper argues there was no evidence to prove he possessed the firearms or threw them out the window because his statement was unlawfully induced and the police officers' testimony was inconsistent.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." **Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Id*. (citation omitted). "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." *Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Thus, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Bruce*, 916 A.2d at 661 (citation omitted).

Further, "[a] sufficiency claim will not be reviewed on a diminished record, but rather on the evidence actually presented to the finder of fact rendering the questioned verdict." *Commonwealth v. Brown*, 52 A.3d 1139, 1188 (Pa. 2012) (internal quotation marks and citations omitted). The reviewing court must review "all of the evidence admitted, even improperly admitted evidence, in conducting a sufficiency review." *Commonwealth v. Coleman*, 130 A.3d 38, 41 (Pa. Super. 2015).

A conspiracy conviction requires that the Commonwealth established "that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy." *Commonwealth v. McCall*, 911 A.2d 992, 996 (Pa. Super. 2006) (citation omitted).

> The essence of a criminal conspiracy is a common understanding, no matter how it came into being, that a particular criminal

objective be accomplished. Therefore, a conviction for conspiracy requires proof of the existence of a shared criminal intent. An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities. Thus, a conspiracy may be inferred where it is demonstrated that the relation, conduct, or circumstances of the parties, and the overt acts of the co-conspirators sufficiently prove the formation of a criminal confederation. The conduct of the parties and the circumstances surrounding their conduct may create a web of evidence linking the accused to the alleged conspiracy beyond a reasonable doubt. Even if the conspirator did not act as a principal in committing the underlying crime, he is still criminally liable for the actions of his co-conspirators in furtherance of the conspiracy.

*Id*., at 996–997 (citation omitted).

Cooper's argument that there was no evidence that he possessed the firearm is a red herring. It is immaterial that Officer Wilson only saw one silhouette in the window after the bag was thrown or whether Sheard alone threw the bag out of the window. A charge of conspiracy does not require a finding that both actors performed the overt act, but simply requires that an overt act was committed by one of the co-conspirators. ***See Commonwealth v. Lambert***, 795 A.2d 1010, 1016 (Pa. Super. 2002).

Further, although Cooper never fully develops this argument, his claim that the verdict was contrary to law because the evidence introduced at trial is simply circumstantial also misstates the law regarding conspiracy. "A conspiracy is almost always proved through circumstantial evidence." ***Id.*** (citation omitted). However, the evidence must rise above mere suspicion. ***Id.***

Here, the court clearly relied on Cooper's own admissions in his statement to police in concluding that there had been a conspiracy planned.

We cannot independently verify what is stated in Cooper's statement as it was not made a part of the record[4]. However, it is clear from our reading of the record that Cooper does not contest that he made the statements relied on by the Commonwealth, but rather contends that he was lying when he said them so he wouldn't get charged for another crime. ***See*** N.T., 11/18/2013, at 28[5], 30[6].

Cooper briefly claims that his statement was unlawfully induced and therefore there is no evidence to support his convictions without it. ***See*** Appellant's Brief, at 14. However, he has not raised a challenge to the trial court's decision to not grant suppression of the statement. The law is clear that "we are required to consider all evidence that was actually received,

---

[4] This failure arguably results in waiver of Cooper's argument. "As an appellate court, our review is limited by the contents of the certified record." ***Commonwealth v. Manley***, 985 A.2d 256, 263 (Pa. Super. 2009). "A failure by Appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined." ***Id.*** (citations omitted). However, Cooper stipulated to the contents of his written statement at trial, ***see*** N.T., 11/18/2013, at 39, so we will rely on those parts of the statement read into the record.

[5] "I mean, I lied cause I didn't want to get charged with the murder."

[6] "So I had to give him something so he won't charge me with this shooting or what happened. So I told him -- I just told him – I just told him just, you know, made the story."

without consideration as to the admissibility of that evidence or whether the trial court's evidentiary rulings were correct." **Commonwealth v. Palmer**, 751 A.2d 223, 227 (Pa. Super. 2000).

In the absence of evidentiary error, we review the record as it exists when conducting a sufficiency review. Thus, it is clear from a review of the entire record that in his statement to police Cooper admitted that he discussed disposing of the firearms with Sheard, they agreed to hide the guns by wrapping them in clothes in the black bag, and that he tossed the bag from the window into the alley. **See** N.T., 12/15/2011, at 12. Cooper stipulated that Officer Wilson later found that same bag. **See** N.T., 11/18/2013, at 49. Further, Cooper stipulated that at the time of his arrest he was ineligible to possess a firearm under the Uniform Firearms Act due to an earlier robbery conviction. **See id.**, at 56. This evidence was sufficient to sustain his conviction for conspiracy.

We conclude that Cooper's claim is without merit. As this is the only issue presented by Cooper on appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Dubow did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/19