J-S01019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH A. TUMOLO | : | |
| | : | |
| Appellant | : | No. 774 MDA 2021 |

Appeal from the Judgment of Sentence Entered June 1, 2021
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000750-2018

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED: MARCH 29, 2022**

Appellant Joseph A. Tumolo appeals from the judgment of sentence entered after a jury found him guilty of contraband and possession of a controlled substance.[1]   Additionally, Appellant's counsel (Counsel) filed a petition to withdraw and an **Anders/Santiago** brief.[2]   After review, we grant Counsel's petition to withdraw and affirm.

The trial court summarized the relevant facts of this case as follows:

> On Friday, November 25, 2016, Appellant was taken to Schuylkill County Prison in the city of Pottsville after being arrested on a bench warrant by the Pennsylvania State Police.  Appellant had been incarcerated in Northumberland County for [failure to appear] in another matter brought in Schuylkill County.  The

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 5123(a) and 35 P.S. § 780-113(a)(16), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

Trooper then transported Appellant to Schuylkill County where the admission process began . . . .

During the strip search admission process conducted by supervising Correctional Officers[] Trevor Pavalko and Darren Borger, they found a $20 bill on the floor and Appellant [said] "this is for you." Corrections Officer Pavalko, hereinafter referred to as "Pavalko" placed [the twenty dollar bill] in the "property room where we do our strip searches[.]" [Officer Pavalko continued:]

> [T]here is a table where we sit and fill out our paperwork[.] I put it down I had Officer Borger with me[.] I said look at this[.] [The bill] was folded in squares and then we opened it up there were eight [oxycodone] pills that were contained within the bill[.] [A]t that point in time, C.O. Borger then radioed for the shift supervisor C.O. Thomas Fort hereinafter referred to as "Fort" to appear in the property room so that this could be properly documented.

Pavalko interpreted Appellant's remarks as a "bribe." It should be noted that the jury found Appellant not guilty of [bribery]. Next, C.O. Borger confirmed C.O. Pavalko's testimony. Then, C.O. Thomas Fort also confirmed the admission process, and that Appellant was advised that he should not [take] any contraband . . . into the prison, and if he did have any contraband[,] he should turn it in before the contraband was taken into the prison.

Trial Ct. Op., 9/8/21, at 3-4 (citations omitted).

As stated, Appellant was found guilty of the charges of contraband and possession of a controlled substance. Appellant failed to appear for sentencing on September 10, 2020, and the trial court issued a bench warrant. After Appellant was returned to custody, the trial court sentenced Appellant to a term of twenty-four months to forty-eight months of incarceration to be served concurrently with sentences imposed in Schuylkill and Northumberland Counties. N.T., Sentencing Hr'g, 6/1/21 at 9. No post-sentence motions were

filed, and Appellant filed a timely appeal.  Both the trial court and Appellant

complied with Pa.R.A.P. 1925.

In the **Anders/Santiago** brief, Counsel identifies the following issue:

Whether the case against [Appellant] should be thrown out due to Officer Fort's failure to testify truthfully and because at the time of trial Officer Fort was no longer employed at Schuylkill County Prison?

**Anders/Santiago** Brief at 7 (some formatting altered).

"When faced with a purported **Anders** brief, this Court may not review

the merits of any possible underlying issues without first examining counsel's

request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa.

Super. 2008) (citation omitted).  Counsel must comply with the technical

requirements for petitioning to withdraw by (1) filing a petition for leave to

withdraw stating that after making a conscientious examination of the record,

counsel has determined that the appeal would be frivolous; (2) providing a

copy of the brief to the appellant; and (3) advising the appellant that he has

the right to retain private counsel, proceed *pro se*, or raise additional

arguments that the appellant considers worthy of the court's attention.  **See**

**Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en*

*banc*).

Additionally, counsel must file a brief that meets the requirements

established by the Pennsylvania Supreme Court in **Santiago**, namely:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth

counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Goodwin**, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); **accord Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Counsel has substantially complied with the procedural requirements discussed above. Counsel filed a petition to withdraw indicating that she reviewed the record and determined that an appeal is frivolous and without merit. Counsel also forwarded to this Court a copy of the letter she sent to Appellant advising him that she has petitioned to withdraw and Appellant has a right to immediately proceed *pro se* or retain private counsel.[3] In addition, Counsel's brief complies with the obligations under **Anders** and

---

[3] We are constrained to note that we twice remanded this matter for Counsel to comply with the requirements of **Anders** and **Santiago**. **See** Orders filed 1/24/22 and 2/1/22.

*Santiago*.[4] Therefore, we will now conduct our own review to determine whether Appellant's appeal is wholly frivolous.

In the issue Counsel identified in the *Anders/Santiago* brief, she asserts that Appellant wants the charges against him dismissed because a Commonwealth witness, Officer Fort, committed perjury in his testimony. *Anders/Santiago* Brief at 11-12. As explained below, this challenge assails the credibility of Officer Fort's testimony, and is therefore, a challenge to the weight of the evidence.

At the outset, we note that "it is not the province of this Court to declare whether [a witness] committed perjury. Rather, such charges are brought by the Commonwealth in a separate prosecution." *Commonwealth v. Johonoson*, 844 A.2d 556, 566 (Pa. Super. 2004), *disapproved of on other grounds by Commonwealth v. Livingstone*, 174 A.3d 609 (Pa. 2017). Such a claim is "best viewed as one challenging the weight of the evidence." *Id.* (citation omitted). Appellate review of the sufficiency of the evidence does not include an assessment of the credibility of testimony. *Commonwealth v. Smyser*, 195 A.3d 912, 916 (Pa. Super. 2018). Rather, credibility determinations are made by the finder of fact, and challenges to credibility go to the weight, not the sufficiency of the evidence. *Id.*; *see also Commonwealth v. Melvin*, 103 A.3d 1, 43 (Pa. Super. 2014) (explaining

---

[4] Appellant did not file a response to Counsel's petition to withdraw.

that challenges to the credibility of a witness's testimony go to the weight of the evidence and not its sufficiency).[5]

However, upon our review of the record, we are constrained to conclude that Appellant did not preserve a challenge to the weight of the evidence as required pursuant to Pa.R.Crim.P. 607(A). **See Commonwealth v. Griffin**, 65 A.3d 932, 938 (Pa. Super. 2013) (finding a weight of the evidence claim waived where the appellant failed to comply with Pa.R.Crim.P. 607; the appellant did not raise the issue orally or in writing prior to sentencing, and he did not raise it in a post-sentence motion). Accordingly, Appellant's issue is both waived and frivolous. **See Commonwealth v. McCall**, 911 A.2d 992, 997 (Pa. Super. 2006) (explaining that "[t]he purpose of [Rule 607(A)] is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived" (citation omitted)); **see also Commonwealth v. Kalichak**, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

Because we conclude that Appellant has waived his sole issue on appeal, we agree with Counsel that Appellant's appeal is frivolous. **See Kalichak**,

---

[5] The trial court addressed this issue as a challenge to evidentiary sufficiency and tantamount to a motion for arrest of judgment. Trial Ct. Op., 9/8/21, at 4. However, as discussed herein, Appellant's identified claim of error goes to the credibility of a witness, and as such, it presents a challenge to the weight of the evidence. **See Melvin**, 103 A.3d at 43. Nevertheless, this Court is not bound by the trial court's reasoning, and we may affirm the trial court's decision on any correct basis. **Commonwealth v. Wilcox**, 174 A.3d 670, 674 n.4 (Pa. Super. 2017).

943 A.2d at 291; **McCall**, 911 A.2d at 997. Furthermore, our independent review of the record does not reveal any additional, non-frivolous issues. **See Goodwin**, 928 A.2d at 291; **Flowers**, 113 A.3d at 1250. Accordingly, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2022